# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

ALFORD LADELL, JR.,    )
          )
    **Plaintiff,**   )
          )
   **vs.**      )   **Case No.: 6:25-cv-03345-MDH**
          )
GREENWOOD MOTOR LINES, INC., )
          )
   **Defendants.**   )

## ORDER

Before the Court is Defendant Greenwood Motor Lines, Inc.'s ("Greenwood") Motion for Summary Judgment. (Doc. 21). The Defendant filed Suggestions in Support (Doc. 22). Plaintiff Alford Ladell, Jr. failed to file Suggestions in Opposition and the time to do so has elapsed.[1] The motion is now ripe for adjudication on the merits. For the reasons stated herein, the Defendant's Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

This case arises from the dismissal of Plaintiff from his job. Plaintiff is a citizen of Greene County, Missouri. Defendant is a corporation authorized to do business in Missouri with its principal office in Wilmington, Ohio. Nonparty R & L Carriers Shared Services L.L.C. ("R & L Carriers") is a foreign limited liability company registered to do business in Missouri. Plaintiff alleges that he was an employee of Defendant. On or about July 13, 2023, the Plaintiff filed a Charge of Discrimination based on his race as an African American against Defendant Greenwood.

---

[1] On May 4, 2026, the Plaintiff filed a Motion to Stay Deadline for Plaintiff's Response to Defendant's Motion for Summary Judgment and Suggestions in Support. (Doc. 23). On May 14, 2026, the Court granted the motion in part allowing the Plaintiff to file a response to Defendant's Motion for Summary Judgment on or before May 28, 2026. (Doc. 26). No response has been filed as of the date of this Order.

1

On October 31, 2023 the Plaintiff filed a second Charge of Discrimination against the Defendant. Plaintiff asserts that on February 21, 2024, he was suspended five days later he was ultimately terminated from his position. Plaintiff alleges that those individuals identified in the Charges of Discrimination participated in, were involved and/or made the decision to suspend and terminate the Plaintiff. Plaintiff further alleges that the Charges of Discrimination were a motivating factor in the decision to suspend and terminate him. Plaintiff also alleges that his race as an African American was a motivating factor to suspend and terminate him. Plaintiff brings his complaint alleging two counts: Count I - Discrimination and Count II - Retaliation.

The Defendant brings its Motion for Summary Judgment arguing that summary judgment should be entered in its favor as there is no genuine issue of material fact that: (1) the Defendant never employed the Plaintiff; (2) the Missouri Human Rights Act's ("MHRA") statute of limitation as to all claims in Plaintiff's Complaint have expired as to Plaintiff's actual employer, R & L Carriers, who is not a party to this action; and (3) Plaintiff failed to exhaust his administrative remedies because he did not file his Complaint within 90 days of receiving the Notice of Right to Sue letter affiliated with Charge of Discrimination where he made those allegations. The Court will take each argument in turn.

**STANDARD**

Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1359 (8th Cir. 1993). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis*

2

*County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). To satisfy this burden, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## DISCUSSION

### I. Plaintiff's Employer

The Defendant states that the MHRA prohibits discrimination and retaliation by an individual's employer. The Defendant argues that the parties appear in agreement that Defendant did not employ Plaintiff. Further, the Defendant argues it is not an employer under the MHRA as it has not employed six or more employees. Thus, the Defendant argues that summary judgment is proper on this basis.

Mo. Rev. Stat. § 213 *et seq* governs the MHRA with Mo. Rev. Stat. § 213.010 providing the relevant definitions for the chapter. It defines an Employer as:

> a person engaged in an industry affecting commerce *who has six or more employees* for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and shall include the state, or any political or civil subdivision thereof, *or any person employing six or more persons within the state* but does not include corporations and associations owned or operated by religious or sectarian organizations.

Mo. Rev. Stat. § 213.010(8) (emphasis added).

There is no genuine issue of material fact that Defendant Greenwood was not Plaintiff's employer nor was it an employer pursuant to the MHRA. The Court reviewed Defendant's Exhibit 1 which was the declaration of James A. Fishpaw the Vice President of Human Resources for Defendant Greenwood. (Doc. 22-1, page 2, ¶ 2). The declaration states in relevant part:

> Greenwood is a South Carolian corporation with its principal place of business in Ohio. Workers, who, for example perform Loader duties, are not employed by Greenwood. Greenwood did not employ Plaintiff Alford Ladell. Greenwood does not employ six or more employees in the State of Missouri. Between March 22, 2021 and February 26, 2024, Greenwood did not employ six or more employees in the State of Missouri.

(Doc. 22-1, page 3, ¶¶ 5-9). The Defendant incorporated this answer within its Statements of Unconverted Material Facts ("SUF"). *See* SUF ¶¶ 2-5. Pursuant to Federal Rule of Civil Procedure 56(e):

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of act as required by Rule 56(c), the Court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purpose of the motion;
>
> (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Under the United States District Court for the Western District of Missouri's Local Rule 56.1(b):

> A party opposing a motion for summary judgment must begin its opposing suggestions by admitting or controverting each separately numbered paragraph in the movant's statement of facts. If the opposing party controverts a given fact, it must properly support its denial in accordance with Fed. R. Civ. P. 56(c). Unless specifically controverted by the opposing party, all facts set forth in the statement of the movant are deemed admitted for the purpose of summary judgment.

Local Rule 56.1(b). Here, the Plaintiff failed to file Suggestions in Opposition and the time to do so has elapsed. Thus, the Court will admit the facts as set forth by the Defendant in their SUF for the purpose of summary judgment. Viewing the facts as set forth by the Defendant, it is entitled to

4

summary judgment as to Counts I - Discrimination and Count II - Retaliation in Plaintiff's Complaint as Defendant Greenwood did not employ the Plaintiff nor was Defendant Greenwood an employer pursuant to the MHRA. For the reasons set forth, the Defendant's Motion for Summary Judgment is **GRANTED**.

## II.     Other Arguments

As the Court has granted summary judgment in Defendant's favor as to Plaintiff's Count I - Discrimination and Count II - Retaliation claims under the MHRA, the Court will decline to further analyze whether the MHRA statute of limitations have run or whether the Plaintiff has failed to exhaust his administrative remedies in this case.

## CONCLUSION

For the reasons stated, the Defendant's Motion for Summary Judgment is **GRANTED**. Summary judgment is hereby entered in favor of Defendant on Plaintiff's Count I - Discrimination and Count II - Retaliation.

**IT IS SO ORDERED.**

Date: June 9, 2026

_/s/ Douglas Harpool_
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**
