**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ALFORD LADELL, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 6:25-cv-03345-MDH** |
| | ) | |
| **GREENWOOD MOTOR LINES, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

# ORDER

Before the Court is Defendant Greenwood Motor Lines, Inc. ("Greenwood")'s Motion for Attorney's Fees. (Doc. 29). Defendant filed suggestions in support (Doc. 30), Plaintiff Alford Ladell, Jr. filed a response in opposition (Doc. 31), and Defendant filed a reply (Doc. 33).

This is a case where Plaintiff sued the wrong Defendant. Ladell sued Greenwood on claims of employment discrimination, but R&L Carriers, Inc. ("R&L")—not Greenwood—was Ladell's employer. Greenwood noted Plaintiff's mistake multiple times in its Answer (Doc. 4), and this Court found that Plaintiff was on notice of his mistake even earlier—as early as November 13, 2023, when the first of three position statements Defendant submitted pursuant to administrative review of Plaintiff's charges stated that Ladell was employed by R&L. (Docs. 25 and 27). On April 6, 2026, one month after the deadline to amend pleadings, Plaintiff sought leave to amend his Petition and add R&L as a party. (Doc. 19). This Court denied his request for lack of good cause shown. (Doc. 25). On April 21, 2026, Defendant motioned for summary judgment (Doc. 21); Plaintiff chose not to respond; and, on June 9, 2026, this Court ruled in Defendant's favor. (Doc.

27). Defendant now seeks attorney's fees in the amount of $54,544.50 for its defense of this suit since the time it was removed to federal court in November, 2025.

Ladell sued Greenwood under the Missouri Human Rights Act ("MHRA"). The MHRA provides that "a prevailing respondent may be awarded reasonable attorney fees only upon a showing that the case was without foundation," Mo. Rev. Stat. § 213.111.2, which Missouri courts equate with showing that the case was "frivolous, unreasonable, or groundless." *Mercer v. BusComm, Inc.*, 515 S.W.3d 238, 245 (Mo. App. E.D. 2017) (quoting *Loethen v. Central Missouri Urology Clinic, Inc.*, 48 S.W.3d 126, 130 (Mo. App. S.D. 2001)). This standard derives from the Title VII attorney's fees standard established by the Supreme Court in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) (holding prevailing defendant may be awarded attorney's fees where plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."). Accordingly, federal decisions inform a court's decision whether to award attorney's fees under the MHRA. *Loethen*, 48 S.W.3d at 130.

Defendant cites various federal civil rights cases; in each, the plaintiff advanced a frivolous legal argument or a frivolous application of the law to the facts. That is qualitatively different than the situation here, where Ladell made a simple—in his words, "negligent"—mistake of fact. For instance, Defendant analogizes to *Provensal v. Gaspard*, where the plaintiff sued an individual who was not the plaintiff's employer, and "that fact was obvious from the outset" because the defendant was merely plaintiff's *supervisor*. 524 F. App'x 974, 976-977 (5th Cir. 2013) (unreported). In *Provensal*, the plaintiff sued *the individual he intended*; it was his application of the law to his situation that was wrong. Ladell's mistake, by contrast, has nothing to do with his legal theory. Had he sued the entity he intended, his legal claims might have been perfectly colorable.

Under the MHRA, "[t]he decision to award or deny attorney fees and the amount of any award rests within the sound discretion of the [district] court." *Wescott Agri-Prods., Inc. v. Sterling State Bank, Inc.*, 682 F.3d 1091, 1094 (8th Cir. 2012) (alteration in original) (internal quotations omitted). In this case, the Court declines to order that award. For the foregoing reasons, Defendant's Motion for Attorney's Fees is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 18, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**